# IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

**TOYOTA MOTOR MANUFACTURING WEST VIRGINIA, INC.,**
**Employer Below, Petitioner**

**v.) No. 25-ICA-7**   (JCN: 2022023265)

**JOSEPH MENDENHALL,**
**Claimant Below, Respondent**

**FILED**
**June 6, 2025**

ASHLEY N. DEEM, CHIEF DEPUTY CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Toyota Motor Manufacturing West Virginia, Inc. ("Toyota") appeals the December 2, 2024, order of the Worker's Compensation Board of Review ("Board"). Respondent Joseph Mendenhall filed a response.[1] Toyota filed a reply. The issue on appeal is whether the Board erred in reversing the claim administrator's order, which granted Mr. Mendenhall a 5% permanent partial disability ("PPD") award, and instead granted him an additional 8% PPD award, for a total PPD award of 13%.

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2024). After considering the parties' arguments, the record on appeal, and the applicable law, this Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the Board's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

On May 23, 2022, while employed by Toyota, Mr. Mendenhall suffered injuries to his lower back and left leg while lifting a car part weighing over 100 pounds. He was first examined by Heather Conway, NP, at Toyota's clinic, who diagnosed lumbar radiculopathy but released him back to work for light duty. Mr. Mendenhall returned to the Toyota clinic again on May 26, 2022, reporting that his leg pain was worse. NP Conway ordered an MRI. By order dated May 27, 2022, the claim was held compensable for low back strain.

On June 3, 2022, Mr. Mendenhall underwent a lumbar MRI at St. Mary's Medical Center revealing multilevel degenerative disc disease and mild enlargement of the left transitioning nerve root of the L2 and L3 vertebrae. On June 16, 2022, Mr. Mendenhall underwent a second MRI finding multilevel low-grade degenerative disc disease as well as the L2 and L3 vertebrae being slightly prominent in size.

---

[1] Toyota is represented by Tracey B. Eberling, Esq. Mr. Mendenhall is represented by Edwin H. Pancake, Esq.

1

While participating in physical therapy, Mr. Mendenhall was referred to Matthew Werthammer, M.D., neurosurgeon, who evaluated him on August 4, 2022. Dr. Werthammer diagnosed Mr. Mendenhall with back pain, dysesthesia, leg pain, and lumbar spondylosis and opined that surgical intervention was not needed. Upon reviewing the recent MRI, Dr. Werthammer found that the L2 nerve root on the left appeared less swollen than it had on an earlier scan. Further, Dr. Werthammer stated that he suspected that the nerve swelling was related to the work injury. He recommended that Mr. Mendenhall continue with physical therapy.

Mr. Mendenhall was then examined by Prasadarao B. Mukkamala, M.D., on September 29, 2022. Dr. Mukkamala diagnosed him with lumbar strain, L3 radiculopathy, and recommended that Mr. Mendenhall undergo lumbar steroid injections, if it could be determined that Mr. Mendenhall would not have an allergic reaction. Dr. Mukkamala further found that Mr. Mendenhall had reached maximum medical improvement ("MMI") for his compensable injuries. Dr. Mukkamala noted that Mr. Mendenhall was suffering from a low back strain with radiculopathy. Using the American Medical Association's *Guides to the Evaluation of Permanent Impairment*, (4th ed. 1993) ("*Guides*") and West Virginia Code of State Rules § 85-20 (2006) ("Rule 20"), Dr. Mukkamala opined that Mr. Mendenhall had 10% whole person impairment ("WPI"). Applying Rule 20, Dr. Mukkamala placed Mr. Mendenhall in Lumbar Category III of Table § 85-20-C with an acceptable range of 10%-13% PPD. Dr. Mukkamala noted that his recommendation of a 10% PPD fell within the acceptable range. However, he further opined that the 10% WPI resulted from preexisting noncompensable degenerative spondyloarthropathy as well as the compensable injury that occurred at Toyota. Therefore, Dr. Mukkamala apportioned Mr. Mendenhall's impairment and allocated 5% to the preexisting noncompensable condition and 5% to the compensable injury. The claim administrator issued an order dated November 17, 2022, which granted Mr. Mendenhall a 5% PPD award based upon the report of Dr. Mukkamala. Mr. Mendenhall protested this order.

On February 1, 2023, Mr. Mendenhall was examined by Bruce Guberman, M.D. Dr. Guberman found that Mr. Mendenhall had reached MMI for the compensable injury. Using Table 75 of the *Guides*, Dr. Guberman found that Mr. Mendenhall had 5% WPI. He also found 8% impairment due to range of motion deficits and 1% impairment for sensory loss in the left leg, all of which combine for 14% WPI. Next, Dr. Guberman referred to Rule 20 and placed Mr. Mendenhall in Lumbar Category III of Table § 85-20-C and adjusted the total WPI to 13%. Regarding apportionment, Dr. Guberman found no reason to apportion and attributed all 13% impairment to the compensable injury, opining that the mild degenerative changes on the MRI were not affecting Mr. Mendenhall's range of motion abnormalities.

On October 31, 2023, Syam Stoll, M.D., performed an independent medical examination ("IME"), finding that Mr. Mendenhall had reached MMI for the compensable injury. Applying the *Guides*, Dr. Stoll found that Mr. Mendenhall had 5% WPI under Table

2

75 and categorized him under Lumbar Category II from Table § 85-20-C. Dr. Stoll opined that Dr. Guberman's impairment rating for L3 nerve root sensory loss was inappropriate, that Dr. Guberman improperly placed Mr. Mendenhall in Lumbar Category III in Table § 85-20-C, and that Dr. Guberman failed to apportion for preexisting disease.

On December 2, 2024, the Board reversed the claim administrator's order, which granted Mr. Mendenhall a 5% PPD award, and instead granted him an additional 8% PPD award, for a total PPD award of 13%. The Board found that Dr. Guberman's report was reliable and persuasive because his finding of radiculopathy and his placement of Mr. Mendenhall in Lumbar Category III was supported by Dr. Mukkamala's findings, and Dr. Guberman explained why he did not apportion any of Mr. Mendenhall's impairment. The Board rejected Dr. Mukkamala's impairment recommendation. It relied on *Duff v. Kanawha Cnty. Comm'n*, 250 W. Va. 510, 905 S.E.2d 528 (W. Va. 2024), and noted that Dr. Mukkamala's apportionment of half the award was made without adequate explanation and arbitrary. The Board further noted that Dr. Stoll was the only evaluator who did not find radiculopathy and placed Mr. Mendenhall in Lumbar Category II of Rule 20, which made his report an outlier and unreliable. Toyota now appeals the Board's order.

Our standard of review is set forth in West Virginia Code § 23-5-12a(b) (2022), in part, as follows:

> The Intermediate Court of Appeals may affirm the order or decision of the Workers' Compensation Board of Review or remand the case for further proceedings. It shall reverse, vacate, or modify the order or decision of the Workers' Compensation Board of Review, if the substantial rights of the petitioner or petitioners have been prejudiced because the Board of Review's findings are:
>
> (1) In violation of statutory provisions;
> (2) In excess of the statutory authority or jurisdiction of the Board of Review;
> (3) Made upon unlawful procedures;
> (4) Affected by other error of law;
> (5) Clearly wrong in view of the reliable, probative, and substantial evidence on the whole record; or
> (6) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.

Syl. Pt. 2, *Duff v. Kanawha Cnty. Comm'n*, 250 W. Va. 510, 905 S.E.2d 528 (2024).

On appeal, Toyota argues that the Board erred in reversing the claim administrator's order and finding that Mr. Mendenhall was entitled to the additional 8% award. In support of this argument, Toyota asserts that the Board was clearly wrong in finding the report of Dr. Guberman reliable and persuasive, Mr. Mendenhall failed to meet his burden of

establishing that he was entitled to any further impairment award, and that the Board erroneously rejected Dr. Stoll's report when the record below clearly established that the radiculopathy was not a compensable condition, was not diagnosed by Mr. Mendenhall's neurosurgeon, and does not correspond to the MRI findings. We disagree.

We conclude that the Board was not clearly wrong in its application of the guidelines established in *Duff*, or in finding that Dr. Guberman was the most reliable. Further, the Board was not clearly wrong in determining that Mr. Mendenhall established that he had 13% WPI.

Moreover, as set forth by the Supreme Court of Appeals of West Virginia, "[t]he 'clearly wrong' and the 'arbitrary and capricious' standards of review are deferential ones which presume an agency's actions are valid as long as the decision is supported by substantial evidence or by a rational basis." Syl. Pt. 3, *In re Queen*, 196 W. Va. 442, 473 S.E.2d 483 (1996). With this deferential standard of review in mind, we cannot conclude that the Board was clearly wrong in reversing the claim administrator's order, which granted a 5% PPD award, and instead granting Mr. Mendenhall a 13% PPD award based on Dr. Guberman's report.

Accordingly, we affirm the Board's December 2, 2024, order.

Affirmed.

**ISSUED:** June 6, 2025

**CONCURRED IN BY:**

Chief Judge Charles O. Lorensen
Judge Daniel W. Greear
Judge S. Ryan White

4